## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

_____

**DANIELLE MARIE GAYLOR, individually and on
behalf of all others similarly situated,**

      **Plaintiff,**

**vs.**                             **Case No.:  2:10-cv-725-MHT**

**COMALA CREDIT UNION,**

      **Defendant.**

_____

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF JOINT MOTION FOR
### FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Eric G. Calhoun
Texas Bar No. 03638800
TRAVIS, CALHOUN & CONLON, P.C.
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas  75244
(972) 934-4100  Telephone
(972) 934-4101  Facsimile
eric@travislaw.com


B.J. Wade, Esq.
Skouteris & McGee, PLLC
50 N. Front Street, Suite 920
Memphis, TN 38103
901-526-2254-Telephone
901-526-4640-Facsimile
bwade@skouterismagee.com


**ATTORNEYS  FOR  PLAINTIFF  AND  CLASS
COUNSEL**

## TABLE OF CONTENTS

Table of Contents ............................................................................................................. ii

Table of Authorities ........................................................................................................ iii

I.      Background Of Litigation ...................................................................................... 1

II.     The Terms Of The Settlement .............................................................................. 2

III.    Analogous Settlements Of Claims Alleging Violations Of The Efta's Atm Fee Disclosure
        Requirements Have Been Routinely Approved ................................................... 3

IV.     Preliminary Approval Of The Proposed Settlement Is Appropriate ................... 4

A.      A Review Of The Applicable Factors Favors Approval Of The Settlement ..................... 5

        1.      The Proposed Settlement Negotiated By The Parties Enjoys An Initial
                Presumption Of Fairness .......................................................................... 6

        2.      The Substantial Risks Of Continued Litigation ..................................... 7

        3.      The Proposed Settlement Provides Fair And Substantial Relief To All Class
                Members ..................................................................................................... 7

        4.      The Complexity, Expense and Duration of Litigation and
                Stage of the Proceedings……………………………………………....……..8

        5.      The Proposed Settlement Provides Fair and Substantial Relief to All Class
                Members……………………………………….…………………………. 8

        6.      Objections to the Settlement……………………………………………8

V.      The Proposed Class Should Be Certified For Settlement Purposes .................... 9

A.      The Proposed Class Meets The Requirements Under *Amchem* For Certification Of A
        Settlement Class ....................................................................................................... 9

B.      The Requirements Of Rule 23(A) Are Met ........................................................... 9

C.      The Requirements Of Rule 23(B) Are Met ........................................................... 11

        1.      Common Questions Of Law And/Or Fact Predominate Over Questions Affecting
                Individual Class Members ...................................................................... 11

        2.      A Class Action Is The Superior Means To Adjudicate The Claims At Issue ....... 12

                A.      Most Class Members Have An Insufficient Interest To Justify Individual
                        Lawsuits ...................................................................................... 13

                B.      The Extent And Nature Of Any Other Litigation Commenced By Class
                        Members ...................................................................................... 13

                C.      This Court Is An Appropriate Forum For Resolution Of The Claims In
                        Dispute ........................................................................................ 14

                D.      Manageability ............................................................................. 14

VI.     Conclusion .............................................................................................................. 14

Certificate Of Conference ............................................................................................... 16

# TABLE OF AUTHORITIES

Judicial Opinions

*Amchem Prods. v. Windsor,*
   521 U.S. 591 (1997) ........................................................................... 8, 11, 12, 13

*Arthur v. Valwood Park Federal Credit Union,*
   No. 3:10-cv-00952-B (N.D. Tex).............................................................

*Assoc. for Disabled Americans, Inc. v. Amoco Oil Co.,*
   211 F.R.D. 457 (S.D. Fla. 2002).................................................................4

*Bennett v. Behring Corp.,*
   737 F.2d 982 (11th Cir. 1984)...............................................................4, 5

*Berget v. Compaq Computer Corp.,*
   257 F.3d 475 (5th Cir. 2001) .................................................................. 8

*Caursone v. Joe's Crab Shack Holdings, Inc.,*
   No. 07-cv-320 (W.D. Pa.).........................................................4

*Cotton v. Hinton,*
   559 F.2d 1326 (5th Cir. 1977) ................................................................ 4

*Curiale v. Hershey Entertainment & Resorts Company,*
   No. 07-cv-651 (M.D. Pa).........................................................4

*DeJulius v. New England Health Care Employees Pension Fund,*
   429 F.3d 935 (10th Cir. 2005) ............................................................... 14

*Deposit Guaranty Nat'l Bank v. Roper,*
   445 U.S. 326 (1980) .............................................................................. 12

*Ehrheart v. Pro Nebraska, Inc. d/b/a Pro Image,*
   No. 07-cv-447 (W.D. Pa).........................................................4

*Ehrheart v. Pfaltzgraff Factory Stores, Inc.,*
   No. 07-cv-01433 (E.D. Pa.).........................................................4

*Franks v. Kroger Co.,*
   649 F.2d 1216 (6th Cir. 1981), *modified on other grounds on rehearing*, 670 F.2d 71 (6th Cir. 1982).......................................................................................... 14

*Garza v. Sporting Goods Props., Inc.,*
   No. 93 CA-108, 1996 WL 56247 (W.D. Tex. Feb. 6, 1996)...................................... 6

*Gautreaux v. Pierce,*
   690 F.2d 616 (7th Cir. 1982) ................................................................ 4

*General Tel. Co. of Southwest v. Falcon,*
   457 U.S. 147 (1982) .............................................................................. 13

*Goldin v. Uni-Marts, LLC,*
  07-cv-666 (W.D. Pa.)……………………………………………………………………4

*In re NASDAQ Market-Makers Antitrust Litig.,*
  169 F.R.D. 493 (S.D.N.Y. 1996)………………………………………… 11

*In re OCA, Inc. Securities and Derivative Litigation,*
  2008 WL 4681369 (E.D.La. Oct. 17, 2008) ………………………… 6

*In re Smith,*
  926 F.2d 1027 (11th Cir. 1991)……………………………………………6

*In re Traffic Executive Association-Eastern Railroads,*
  627 F.2d 631 (2d Cir. 1980) ……………………………………………… 4

*In re U.S. Oil & Gas Litig.,*
  967 F.2d 489 (11th Cir. 1992)……………………………………………..7

*In re Wireless Tel. Fed. Cost Recovery Fees Litig.,*
  396 F.3d 922 (8th Cir. 2005) …………………………………………… 7

*Jenkins v. Raymark Indus., Inc.,*
  782 F.2d 468 (5th Cir. 1986) ……………………………………………… 10

*Klingensmith v. Max & Erma's Restaurants,*
  2007 WL 3118505 (W.D. Pa. Oct. 23, 2007) ……………………… 4

*Lightbourn v. County of El Paso,*
  118 F.3d 421 (5th Cir. 1997) …………………………………………… 9, 10

*Lipuma v. American Express Co.,*
  406 F. Supp. 2d 1298 (S.D. Fla. 2005)……………………………………4, 7, 8

*Long v. Joseph-Beth Group, Inc.,*
  No. 07-cv-443 (W.D. Pa.)……………………………………………………4

*Mace v. Van Ru Credit Corp.,*
  109 F.3d 338 (7th Cir. 1997) …………………………………………… 12

*Mullen v. Treasure Chest Casino, LLC,*
  186 F.3d 620 (5th Cir. 1999) …………………………………………… 9, 10, 11

*Nichols v. Mobile Board of Realtors, Inc.,*
  675 F.2d 671 (5th Cir. 1982) …………………………………………… 11

*Palamara v. Kings Family Restaurants,*
  No. 07-cv-317………………………………………………………………4

*Parker v. Anderson,*
  667 F.2d 1204 (5th Cir. 1982) ………………………………………… 6

*Pederson v. Louisiana State University,*
  213 F.3d 858 (5th Cir. 2000) ………………………………………… 9

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) ................................................................................... 12, 13

*Pivarnik v. Lamrite West, Inc. d/b/a Pat Catan's Craft Center*,
   No. 07-cv-321 (W.D. Pa.)..............................................................................4

*Purdie v. Ace Cash Express, Inc.*,
   2003 WL 22976611 (N.D.Tex. Dec. 11, 2003) ...........................................4

*Reed v. General Motors Corp.*,
   703 F.2d 170 (5th Cir. 1983) ........................................................................6

*Reed v. Whole Enchilada, Inc. d/b/a Big Burrito Restaruant Group*,
   07-cv-357 (W.D. Pa.)......................................................................................4

*See also McNamara v. Bre-X Minerals Ltd.*,
   214 F.R.D. 424 (E.D.Tex. 2002) ..................................................................6

*Shipes v. Trinity Inds.*,
   987 F.2d 311 (5th Cir. 1993) ......................................................................10

*Sinatra v. Coventry Restaurant Systems, Inc. d/b/a Hyde Park Steak House*,
   No. 07-cv-445 (W.D. Pa)................................................................................4

*Stirman v. Exxon Corp.*,
   280 F.3d 554 (5th Cir. 2002) ......................................................................10

*Unger v. Amedisys, Inc.*,
   401 F.3d 316 (5th Cir. 2005) ......................................................................10

*Visa U.S.A., Inc.*,
   396 F.3d 96 (2nd Cir. 2005)............................................................................6

*Williams v. New Orleans Public Serv., Inc.*,
   No. 75-1635, 1988 WL 98283 (E.D. La. Sept. 15, 1988) ...........................5

*Young v. Katz*,
   447 F.2d 431 (5th Cir. 1971) ........................................................................6

Statutes

15 U.S.C. § 1693b(d)(3) .....................................................................................9

Rules

Fed.R.Civ.P. 23(a)(3).........................................................................................9

Fed.R.Civ.P. 23(a)(4)........................................................................................10

Fed.R.Civ.P. 23(b)(3)...................................................................................11, 12

Fed.R.Civ.P. 23(b)(3)(D) ...................................................................................8

Fed.R.Civ.P. 23(c)(2)(B) .............................................................................14, 15

Fed.R.Civ.P. 23(e) ..............................................................................................4

Fed.R.Civ.P. 23(e)(1)........................................................................................15

Regulations

12 C.F.R. § 205.16 ................................................................................................ 9

Treatises

1 Newberg on Class Actions §3.05, 3-25 (3d ed.1992) ...................................... 9

4 Alba Conte & Herbert Newberg,
   *Newberg on Class Actions* §11:41, at 90 (4th ed. 2002) ........................ 4, 6

7B Fed. Prac. & Proc. § 1797.6 ...................................................................... 14

*Manual for Complex Litigation* (Fourth) § 21.632 (2004) ...................... 4, 5, 8

Plaintiff Danielle Gaylor ("Plaintiff"), through her undersigned counsel, files this Memorandum in Support of Joint Motion for Final Approval of Class Action Settlement.

## I.
## BACKGROUND OF LITIGATION

Plaintiff filed an action on August 27, 2010, alleging that Comala Credit Union (the "Credit Union" or "Defendant") violated the Electronic Funds Transfer Act , 15 U.S.C. § 1693 *et seq.* ("EFTA").    Specifically, Plaintiff alleges that Defendant violated 15 U.S.C. § 1693b(d)(3)(C) which states, in relevant part:

(C)  Prohibition on fees not properly disclosed and explicitly assumed by the consumer

No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless—

(i)       The consumer receives such notice in accordance with subparagraph (B) . . . .

In turn, Plaintiff alleges that Defendant violated the notice requirement set forth at subparagraph B (15 U.S.C. § 1693(d)(3)(B)):

 (B)  Notice requirements

(i)       On the machine

The notice required under clause (i) of subparagraph (A) with respect to any fee described in such subparagraph shall be posted in a prominent and conspicuous location on or at the automated teller machine at which the electronic fund transfer is initiated by the consumer.

On September 21, 2010, Defendant filed an Answer to Plaintiff's Complaint.  The parties conducted formal and informal discovery concerning the facts and class certification related matters.  The parties, through counsel, then engaged in arms-length settlement negotiations.  The parties ultimately executed a Class Action Settlement Agreement and Release ("Settlement

Agreement") on or about October 25, 2011.[1]  Pursuant to this agreement, the Parties have agreed

to the certification of the following Class, for settlement purposes only:

> the collective group of those persons who were charged or assessed any transaction fee, including any "terminal owner fee," surcharge or ATM transaction fee of any kind, in connection with any electronic fund transfer and/or balance inquiry at any of the ATMs at Issue from August 26, 2009, to and including September 9, 2010.

The ATMs at issue are defined in the Settlement Agreement as:

> the automated teller machines operated by Comala Credit Union located at: (1) 418 Madison Avenue, Montgomery, AL 36104; (2) 105 North Memorial Drive, Prattville, AL 36067; (3) 300 Jensen Road, Prattville, AL 36067; and (4) 3380 Eastdale Circle, Montgomery, AL 36117.

On November 17, 2011, the Court entered Preliminary Approval Order [Doc. 37]

certifying a class defined as:

> All consumers who initiated an electronic funds transfer at the Comala ATMs located at 418 Madison Avenue, Montgomery, AL 36104, 105 North Memorial Drive, Prattville, AL 36067, 300 Jensen Road, Prattville, AL 36067, and 3380 Eastdale Circle, Montgomery, AL 36117 and who were assessed a fee for such electronic funds transfer on or after August 26, 2009 (one year prior to the filing of the Complaint) and continuing through September 9, 2010 (the date Comala posted an external fee notice).

Thereafter, notice was provided to the class as required by the Preliminary Approval

Order and the Settlement Agreement.

No class members have filed objections to the settlement or opted out of the settlement.

## II.
## THE TERMS OF THE SETTLEMENT

In the interest of avoiding protracted and costly litigation, the Parties have agreed to a

proposed settlement with the following basic terms:

---

[1] *See* Settlement Agreement, Exhibit 1 to Doc [31] Joint Motion for Settlement to Approve Class Action Settlement.

(1)     Defendant created a settlement fund in the amount of $42,896.73 to be disseminated on a *pro rata* basis to every Participating Class Member who submits a claim after the dissemination of notice, with any individual Participating Class Member's share being capped at $100.00.

(2)     Defendant has also agreed that any unclaimed amount of the Settlement Fund will be donated, on a *cy pres* basis, to the Local Public Safety Insurance Fund.

(3)     Attorneys' fees and costs in an amount to be determined by the Court will be paid separately by Defendant.

## III.
## ANALOGOUS SETTLEMENTS OF CLAIMS ALLEGING VIOLATIONS OF THE EFTA'S ATM FEE DISCLOSURE REQUIREMENTS HAVE BEEN ROUTINELY APPROVED

Federal District Courts have routinely approved analogous class settlements under the EFTA.  For example, settlements similar to the one proposed in this case have been recently approved in the following cases:  *Arthur v. Valwood Park Federal Credit Union,* No. 3:10-cv-00952-B (N.D. Tex); *Dragotta v. Northwest Bancorp, Inc.*, No. 09-cv-632 (W.D.Pa.) (Fischer, J.)(final approval granted); *Jackman v. Global Cash Access Holdings, Inc.*, No. 09-cv-897 (W.D.Pa.) (McVerry, J.) (final approval granted); *Nolf v. Allegheny Valley Bank of Pittsburgh*, 09-cv-645 (W.D. Pa.)(Bissoon, J.)(final approval granted); *Polevoy v. Devon Bank*, 08-cv-4822 (N.D. Ill.)(Kennelly, J.)(final approval granted);  *Stone et al. v. Corus Bank, N.A.*, 08-cv-1746, (N.D. Ill.)(Bucklo, J.)(final approval granted); *Anthony v. Fifth Third Bank (Chicago)*, 08-cv-4359, (N.D. Ill.)(Schenkier, J.)(final approval granted);  *Arbelo, et al. v. Charter One Bank*, 08-cv-1516, (N.D. Ill.)(Cox, J.)(final approval granted);  *Stone v. Marquette Bank,* 08-cv-6388. (N.D. Ill.)(Valdez, J.)(preliminary approval granted);  *Escalante v. Lincoln Park Savings Bank*, 08-cv-6152 (N.D. Ill.)(Ashman, J.)(final approval granted);  *Bruner v. AmericaUnited Bank &*

*Trust Company*, 08-cv-124, (N.D. Ill.)(Nolan, J.)(final approval granted);  and, *Marsh v. ATM*

*Capital Management Inc.*, 07-cv-5808, (N.D. Ill.)(Coar, J.)(final approval granted).

There is also abundant recent authority regarding the propriety of similar settlements

under an amendment to the Fair Credit Reporting Act designated as the Fair and Accurate Credit

Transaction Act ("FACTA").[2]  All of these cases were settled on terms similar to those in the

proposed settlement that is now before this Court.

## IV.

## FINAL APPROVAL OF THE PROPOSED SETTLEMENT IS APPROPRIATE

The law favors settlement, particularly in class actions and other complex cases where

substantial resources can be conserved by avoiding the time, cost and rigor of prolonged

litigation.[3]  Settlement agreements conserve judicial time and limit expensive litigation.[4]  A

proposed class action settlement should be approved as long as it is fair, adequate and reasonable

and is not the product of collusion between the parties.[5]

---

[2] *See, e.g., Klingensmith v. Max & Erma's Restaurants*, 2007 WL 3118505 (W.D. Pa. Oct. 23, 2007)(Lenihan, J.); *Sinatra v. Coventry Restaurant Systems, Inc d/b/a Hyde Park Steak House.*, 07-cv-445 (W.D. Pa.) (Schwab, J.); *Ehrheart v. Pro Nebraska, Inc. d/b/a Pro Image*, 07-cv-447 (W.D. Pa.) (Lenihan, J.); *Pivarnik v. Lamrite West, Inc. d/b/a Pat Catan's Craft Center*, 07-cv-321 (W.D. Pa.) (Schwab, J.); *Reed v. Whole Enchilada, Inc. d/b/a big Burrito Restaurant Group*, 07-cv-357 (W.D. Pa.) (Fischer, J.); *Curiale v. Hershey Entertainment & Resorts Company*, 07-cv-651 (M.D. Pa.) (Kane, J.); *Ehrheart v. Pfaltzgraff Factory Stores, Inc.*, 07-cv-01433 (E.D. Pa.) (Padova, J.);  *Long v. Joseph-Beth Group, Inc.*, 07-cv-443 (W.D. Pa.) (Cercone, J./Hay, M.J.); *Carusone v. Joe's Crab Shack Holdings, Inc.*, 07-cv-320 (W.D. Pa.) (Lenihan, J.);  *Palamara  v. Kings Family Restaurants,* 07-cv-317 (W.D. Pa) (Lancaster, J.); *Goldin v. Uni-Marts, LLC*, 07-cv-666 (W.D. Pa.) (Fischer, J.).

[3] *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)("Particularly in class action suits, there is an overriding public interest in favor of settlement."); *Assoc. for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 466 (S.D. Fla. 2002); *Purdie v. Ace Cash Express, Inc.*, 2003 WL 22976611 (N.D.Tex. Dec. 11, 2003)("[T]he court should keep in mind the strong presumption in favor of finding a settlement fair."); 4 Alba Conte & Herbert Newberg, *Newberg on Class Actions* §11:41, at 90 (4th ed. 2002)(hereafter "*Newberg on Class Actions*")(Courts usually adopt "an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval.").

[4] 4 *Newberg on Class Actions* §11:41, at 87 ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").

[5] *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *Lipuma v. American Express Co.*, 406 F. Supp. 2d 1298, 1314 (S.D. Fla. 2005).

Where, as here, the parties resolve class action litigation through a class-wide settlement, they must obtain the court's approval.[6]  Review of a proposed class action settlement generally occurs in two steps.  In the first instance, "[t]he judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)."[7]  Additionally, "[t]he judge must make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms and must direct the preparation of notice of the certification, proposed settlement, and date of the final fairness hearing."[8]  If the proposed settlement falls "within the range of possible approval," the Court should grant preliminary approval and authorize the parties to give notice of the proposed settlement to the class members.[9]  Stated another way, preliminary approval is a "determination that there is what might be termed 'probable cause' to submit the proposal to class members and hold a full-scale hearing as to its fairness."[10]

Here, the Court has preliminarily approved the settlement [Doc. 37]. The parties submit that following the hearing, final approval of the settlement is warranted.

A.      **A Review of the Applicable Factors Favors Approval of the Settlement**

At the final-approval stage, the Court should review the settlement for fairness, reasonableness, and adequacy.[11]  In determining whether a settlement is "fair, adequate and reasonable," the Eleventh Circuit as instructed that a court should consider the following factors:

1.  The likelihood of success at trial;

2.  The range of possible recovery;

---

[6] *See* Fed.R.Civ.P. 23(e).
[7] *Manual for Complex Litigation* (Fourth) § 21.632 (2004)(hereafter "*Manual*").
[8] *Id.*
[9] *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982).
[10] *In re Traffic Executive Association-Eastern Railroads*, 627 F.2d 631, 634 (2d Cir. 1980).
[11] *Faught v. American Home Shield Corp.*, ---F.3d---, 2011 WL 7118832 at *5 (11th Cir. 2012).

3. The point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable;

4. The complexity, expense and duration of the litigation;

5. The substance and amount if opposition to the settlement; and

6. The stage of proceedings at which the settlement was achieved.[12]

In assessing these factors, the Court "should be hesitant to substitute… [its] judgment for that of counsel."[13] Because the Settlement Agreement here far exceeds the  threshold regarding fairness, reasonableness and adequacy, the Court should order final approval of this class action settlement.

### 1.     The Settlement Negotiated By The Parties Enjoys An Initial Presumption of Fairness

At the outset, the proposed settlement should enjoy a presumption of fairness.  Courts usually adopt "an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval."[14]  After the parties' arm's-length negotiations, the Court should not substitute its own judgment for the judgment of counsel and adjudicate the merits of the dispute.[15]  There is a "strong judicial policy favoring the resolution of disputes through settlement,"[16] and "a strong presumption in favor of finding the settlement fair."[17]  The very purpose of the compromise is to avoid the delay and expense of such a trial.").[18]  Rule 23(e) requires the court to intrude on that private consensual

---

[12] *Id.*

[13] *In re: Smith,* 926 F.2d 1027, 1028 (11th Cir. 1991).

[14] 4 *Newberg on Class Actions* §11:41, at 90.

[15] *See Young v. Katz*, 447 F.2d 431, 433 (5th Cir. 1971)("In examining a proposed compromise…the court does not try the case).

[16] *Parker v. Anderson*, 667 F.2d 1204 (5th Cir. 1982).

[17] *Garza v. Sporting Goods Props., Inc.,* No. 93 CA-108, 1996 WL 56247, at *11 (W.D. Tex. Feb. 6, 1996).

[18] *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 934 (8th Cir. 2005)("We have recognized that a class action settlement is a private contract negotiated between the parties").

agreement merely to ensure that the agreement is not the product of collusion and that, taken as a whole, it is fair, adequate and reasonable to all concerned.

### 2.    The Substantial Risks Of Continued Litigation and Likelihood of Success.

While Class Counsel believe that Plaintiff's statutory strict liability claims are wholly meritorious, Plaintiff and the Class face real risks if this litigation continues. Defendant contends that it has meritorious defenses. Also, a court in Kentucky, recently denied certification of an EFTA Class.[19]

The Parties respectfully submit that this authority illustrates the risks attendant with continued litigation of the claims in dispute, thereby supporting the propriety of final approval of the proposed settlement.

### 3.    The Range of Possible Recovery and Point Below Which a Settlement is Fair.

These factors weigh heavily in support of approval of the settlement. Here, the EFTA caps damages in a class action at the lesser of 1% of the Defendant's net worth or $500,000.00. Here, the settlement fund of $42,986.73 is precisely one percent (1%) of Defendant Comala's net worth. While Plaintiff contends that the cap applies separately to each ATM that was out of compliance with the EFTA, the law is unsettled in this regard and some courts have disagreed. Hence, the settlement may well be at the top of the range of possible recovery, depending upon the interpretation of EFTA applied.

---

[19] *See Kinder v. Central Bank and Trust Co.,* No. 11-234-JMH2011, WL 5039786 (E.D. Ky. October 24, 2011).

#### 4.      The Complexity, Expense and Duration of Litigation and  Stage of the Proceedings.

These factors weigh in favor of approval of the settlement. Class action litigation in Federal Court is inherently complex, expensive and time-consuming.[20] Here, the case has been pending for over a year. The parties have engaged in both formal and informal discovery. Plaintiff has had adequate access to information to evaluate the merits of the case and weigh settlement against further litigation.[21] Plaintiff has filed and briefed a class certification motion. Further litigation and trial would be costly and absorb substantial judicial and other resources.

#### 5.      Objections to the Settlement.

This factor weighs heavily in favor of final approval of the settlement. Following several forms of notice to the class, no objections have been made to the settlement. Accordingly, the settlement should be approved.

#### 6.      The Proposed Settlement Provides Fair and Substantial Relief To All Class Members.

Under the terms of the proposed settlement, Participating Claimants in this case are entitled to a *pro rata* share of the Settlement Fund provided that no Class Member shall receive a settlement payment in excess of $100.00.   By any measure, this is a reasonable result, constituting considerable relief to the class under the causes of action alleged here.  This is not a case where the benefits to the class are largely injunctive, coupon-like, or of speculative value. Nor is this a situation in which the settlement disproportionately favors certain class members at the expense of others.

In short, if the parties did not agree to settle this case, the class certification process, motions briefing and trial would be lengthy, expensive and pose risks to both sides.   The

---

[20] *See In re: U.S. Oil & Gas Litig.*, 967 F. 2d 489, 493 (11th Cir. 1992), *Lipuma,* 406 F. Supp. at 1323-24.
[21] *See Lipuma,* 406 F. Supp. 2d at 1324.

proposed settlement, on the other hand, permits a prompt resolution of the claims at issue, in a manner that is fair, reasonable and adequate to the Class, while at the same serving the Congressional purpose of causing the posting of ATM fee disclosure notice. This result will be accomplished at least months, and perhaps years, earlier than otherwise might be possible absent a settlement. Standing alone, the relatively expeditious resolution of the claims in dispute benefits the Class, specifically, and consumers, generally, and should be finally approved.

## V.
## THE PROPOSED CLASS SHOULD BE CERTIFIED FOR SETTLEMENT PURPOSES

### A. The Proposed Class Meets the Requirements Under *Amchem* For Certification Of A Settlement Class

To proceed as a class action, the class must satisfy the four prerequisites of Rule 23(a) – numerosity, commonality, typicality and adequacy of representation – as well as at least one of the three requirements of Rule 23(b).[22] In certifying a settlement class, however, the court is not required to determine whether the action, if tried, would present intractable management problems, "for the proposal is that there be no trial."[23] Here the proposed class meets all of the requirements of Rule 23(a) and satisfies the requirements of Rule 23(b)(3). Therefore, the parties now request that the Court finally certify the proposed class.

### B. The Requirements Of Rule 23(a) Are Met

Rule 23(a)(1) requires that the class be so large that joinder of all members is impracticable. To satisfy the numerosity requirement, "a plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members."[24] Defendant acknowledges that there more than 5,000 transactions at issue. Given the size of the class, it is

---

[22] *Berget v. Compaq Computer Corp.*, 257 F.3d 475, 479-80 (5th Cir. 2001).
[23] *Amchem*, 521 U.S. at 620; *see also* Fed.R.Civ.P. 23(b)(3)(D).
[24] *Pederson v. Louisiana State University*, 213 F.3d 858, 868 (5th Cir. 2000)(internal quotation omitted).

clear that joinder of all members would be impracticable and that the numerosity requirement of Rule 23(a) is satisfied.[25]

The proposed class also meets the commonality requirement of Rule 23(a)(2), which requires that "there are questions of law or fact common to the class."  This requirement is met "where there is at least one issue, the resolution of which will affect all or a significant number of the putative class members."[26]  Here, Plaintiff's Complaint specifically lists the common issues implicated by his claims:

> (a)   Whether Defendant was at all relevant times during the class period an automated teller machine operator which imposed a fee on consumers for providing host transfer services to those consumers;
>
> (b)   Whether Defendant is the operator of the Comala ATMs;
>
> (c)   Whether Defendant complied, at all times during the class period, with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16; and
>
> (d)   Whether Plaintiff and members of the Class are entitled to statutory damages, costs and attorney's fees for Defendant's acts and conduct.[27]

Plaintiff also meets the typicality requirement of Rule 23(a).  Rule 23(a)(3) requires that "the claims…of the representative parties are typical of the claims…of the class…"[28]  The test for typicality is not demanding,[29] and it "focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent."[30]  Here, the named Plaintiff's claims are typical of those of the Class because they derive from an identical factual predicate, and they are based upon the same legal theory.  Plaintiff's interests are

---

[25] *See* 1 Newberg on Class Actions §3.05, 3-25 (3d ed.1992)(a class consisting of more than forty members "should raise a presumption that joinder is impracticable").

[26] *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999)(quoting *Lightbourn v. County of El Paso*, 118 F.3d 421, 426 (5th Cir. 1997).

[27] *See* Complaint, ¶45.

[28] Fed.R.Civ.P. 23(a)(3).

[29] *Shipes v. Trinity Inds.*, 987 F.2d 311, 316 (5th Cir. 1993).

[30] *Lightbourn*, 118 F.3d at 426.

co-extensive with those of the class, since every class member claims injury resulting from the same, uniform alleged misconduct by Defendant.

The fourth and final requirement of Rule 23(a) is that the "representative parties will fairly and adequately protect the interests of the class."[31]  To meet the adequacy requirement, the "class representatives, their counsel, and the relationship between the two [must be] adequate to protect the interests of absent class members."[32]  Differences between a named plaintiff and class members will render the named plaintiff an "inadequate" representative only if those differences create conflicts between the interests of the named plaintiff and the interests of class members.[33]

Here, there are no conflicts of interest or other antagonisms between Plaintiff on the one hand and Class Members on the other.[34]  All are individuals with the mutual incentive to establish the alleged violation of EFTA.  All class members were impacted by the practices at issue in an identical manner.  In addition, Plaintiff's counsel has provided fair and vigorous representation for the Class.  Plaintiff's counsel has substantial experience in similar consumer class action litigation and have regularly been deemed to be adequate class counsel.[35]

### C.    The Requirements Of Rule 23(b) Are Met

#### 1.    Common questions of law and/or fact predominate over questions affecting individual class members

Finally, the proposed class meets the requirements of Rule 23(b)(3).  Rule 23(b)(3) imposes two prerequisites – predominance and superiority:  "[Q]uestions of law or fact common to the members of the class [must] predominate over any questions affecting only individual members, and…a class action [must be] superior to the other available methods for the fair and

---

[31] Fed.R.Civ.P. 23(a)(4).
[32] *Unger v. Amedisys, Inc.*, 401 F.3d 316, 321 (5th Cir. 2005)(citing *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002)).
[33] *Mullen*, 186 F.3d at 625-26.
[34] *See Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986).
[35] See Declaration of Eric G. Calhoun, Exhibit D to Doc [22] Plaintiff's Motion for Class Certification.

efficient adjudication of the controversy."[36]  To predominate, "common issues must constitute a significant part of the individual case."[37]  The plaintiff must demonstrate that issues "that are subject to generalized proof and thus applicable to the class as a whole…predominate over those issues that are subject only to individualized proof."[38]  As the Supreme Court explained in *Amchem*, "[t]he Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."[39]

As described above, Plaintiff and the Class allege statutory injury by a common course of conduct.  These allegations provide the common issues required to ensure predomination of common questions over individual issues.  Similarly, the damage issues in this case are especially well suited for class-wide resolution because every Class Member seeks the same quantum of statutory damages which is dependent upon a unitary demonstration of Defendant's noncompliance with the ATM fee disclosure requirements of EFTA.[40]

### 2.    A class action is the superior means to adjudicate the claims at issue

The Court's final consideration in applying Rule 23(b)(3) is whether a class action is the superior method for adjudicating the case.  Rule 23(b)(3) lists the factors pertinent to the superiority determination as follows:

> (A) the interest of the members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of the class action.[41]

All four of these factors support certification here for settlement purposes.

---

[36] Fed.R.Civ.P. 23(b)(3).

[37] *Mullen*, 186 F.3d at 626.

[38] *Nichols v. Mobile Board of Realtors, Inc.*, 675 F.2d 671, 676 (5th Cir. 1982).

[39] *Amchem* 521 U.S. at 623.

[40] *See In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 522 (S.D.N.Y. 1996).

[41] Fed.R.Civ.P. 23(b)(3)

### a.   Most class members have an insufficient interest to justify individual lawsuits

Certification permits a class-wide adjudication of the claims of similarly situated claimants when individual prosecution would not be cost-effective.  The Supreme Court has frequently noted the need for aggregate representation through certification if such claims are to be addressed.[42]  In *Amchem*, the Supreme Court stated:

> The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.  A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.[43]

Effective private enforcement requires mechanisms to aggregate these relatively small but important claims lest the relatively small stake of each individual consumer present an insurmountable hurdle to recovery.  Class litigation is therefore indispensable if consumers are to play a role in deterring conduct identified by Congress as being generally harmful, and therefore serves as an important compliment to public and quasi-public enforcement procedures.

This consumer action against Defendant on behalf of ATM users meets this test.  The class action mechanism is meant to afford remedies to claimants who cannot otherwise prosecute their claims in a cost-effective manner.[44]  The claims at issue here are such that class relief is the only realistic alternative to no relief at all for the vast majority of Class Members.

### b.   The extent and nature of any other litigation commenced by class members

There are no other pending class actions against Defendant asserting the claims here in dispute.  Therefore, this factor supports settlement class certification.

---

[42] *Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985).

[43] *Amchem*, 521 U.S. at 617 (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)).

[44] *General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 155 (1982).

          **c.**      **This Court is an appropriate forum for resolution of the claims <u>in dispute</u>**

There is no question that this Court has subject matter jurisdiction over the claims alleged in this case, personal jurisdiction over the Parties and that personal jurisdiction extends to members of the Class under the Due Process Clause because the notice provided in this case was constitutionally sufficient.[45]

          **d.**      **<u>Manageability</u>**

The Supreme Court confirmed in *Amchem* that the manageability of a class action at trial is an irrelevant consideration in the context of a proposed settlement class, because the proposal is that there be no trial.[46]   Therefore, the Court need not consider manageability as part of its settlement approval analysis.

**VII.**
**<u>CONCLUSION</u>**

For all of the foregoing reasons, the Parties respectfully request that the Court (1) grant final approval of the proposed class action settlement.


              Respectfully submitted,

              **TRAVIS & CALHOUN, P.C.**

              */s/ Eric G. Calhoun*
              ERIC G. CALHOUN
              Texas Bar No. 03638800
              1000 Providence Towers East
              5001 Spring Valley Road
              Dallas, Texas  75244
              (972) 934-4100 Telephone
              (972) 934-4101 Facsimile
              eric@travislaw.com

---

[45] *Shutts*, 472 U.S. at 811-812.
[46] *Amchem*, 521 U.S. at 620.

14

B.J. Wade, Esq.
Skouteris & McGee, PLLC
50 N. Front Street, Suite 920
Memphis, TN 38103
901-526-2254-Telephone
901-526-4640-Facsimile
bwade@skouterismagee.com

**ATTORNEYS FOR PLAINTIFF AND  CLASS COUNSEL**

## CERTIFICATE OF CONFERENCE

On the 19th day of March, 2012, counsel for the parties conferred regarding this Motion for Final Approval and counsel for Defendant, Chad Bryan indicated that his client does not oppose same.

*/s/ Eric G. Calhoun*
ERIC G. CALHOUN

## CERTIFICATE OF SERVICE

I hereby certify on this 19th day of March, 2012, that the below counsel of record will be served with a copy of this document via the Court's CM/ECF system pursuant to the local rules of this Court. If said counsel of record has not registered for electronic notice, a copy will be served via first class U.S. mail and facsimile transmission.

Chad Bryan
CAPELL & HOWARD, P.C.
140 South Perry Street
Montgomery, AL 36104
Telephone: 334-241-8000
Facsimile: 334-323-8888
cwb@chlaw.com

*/s/ Eric G. Calhoun*
**ERIC G. CALHOUN**

16