IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| DANIELLE MARIE GAYLOR, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. 2:10cv725-MHT (WO) |
| COMALA CREDIT UNION, | ) ) | |
| Defendant. | ) | |

OPINION AND ORDER

Plaintiff Danielle Marie Gaylor, individually and on behalf of all others similarly situated, filed this lawsuit against defendant Comala Credit Union claiming violations of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq. The parties have settled this case and Gaylor now moves for attorney's fees. Comala objects to the requested amount, arguing that $ 107,746 is an unreasonable fee award because Gaylor's attorneys used recycled and boilerplate

briefs. For the reasons that follow, Gaylor's motion for attorney's fees will be granted to the extent that $ 20,000 will be awarded.

## I. STANDARD FOR ATTORNEY'S FEES

When awarding attorney's fees, this court must first calculate the "lodestar" fee: the product of the number of hours reasonably expended to litigate the case and the reasonable hourly rate for work performed by similarly situated attorneys in the community. <u>Norman v. Housing Authority of Montgomery</u>, 836 F.2d 1292, 1299 (11th Cir. 1988). After determining the lodestar, the court then addresses whether the award should be adjusted upwards or downwards. <u>Pennsylvania v. Delaware Valley Citizens' Council for Clean Air</u>, 478 U.S. 546, 565-66 (1986).

In conducting this inquiry, the court is guided by the twelve factors set out in <u>Johnson v. Georgia Highway Express, Inc.</u>, 488 F.2d 714, 717-19 (5th Cir.

2

1974).[1]  See also Hensley v. Eckerhart, 461 U.S. 424, 429-30 (1983) (endorsing the Johnson factors).  These twelve factors are:

> "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases."

Hensley, 461 U.S. at 430 n.3.

---

1. In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303.  This burden requires "specific and detailed evidence from which the court can determine the reasonable hourly rate[,] ... records to show the time spent on the different claims, and the general subject matter of the time expenditures." ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).  A fee applicant must also exercise "billing judgment" and exclude hours that are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

## II.  BACKGROUND

The EFTA prohibits owners and operators of ATMs from imposing transaction fees without notice. Gaylor filed suit alleging that Comala operated four Montgomery metropolitan-area ATMs that lacked external signs notifying customers that they may incur

4

surcharges. She was represented by the following attorneys: Eric G. Calhoun of Travis & Calhoun, P.C.; B.J. Wade of Skouteris & McGee, PLLC; Nicholas Hughes; and Matthew Alfreds. She then filed an unopposed motion for class certification. Shortly thereafter, the parties negotiated a class settlement, which was submitted to this court.

The settlement agreement created a fund in the amount of $ 42,896.73 to be distributed on a pro-rata basis to every participating class member who submitted a claim; a class member's claim, however, was capped at $ 100. Gaylor received an incentive payment of $ 2,500. The settlement provided that any unclaimed funds would be donated to the Public Safety Insurance Fund of Montgomery, Alabama, a charity that provides life-insurance policies to firefighters and police officers. The parties further stipulated that attorney's fees and costs would be awarded separately from the settlement fund.

After preliminarily approving the class and settlement agreement, this court held a fairness hearing.  No objections or opt-outs to the class settlement were received.  At the hearing, Gaylor's counsel Wade informed the court that approximately ten individuals had filed claims with the settlement fund.  Comala, however, disputed this figure and has submitted an email sent by Gaylor's counsel Calhoun stating that no claims were submitted prior to the claim deadline.  Gaylor has not offered any proof that the ten claimants mentioned at the fairness hearing exist and, therefore, the court assumes that only Gaylor received money from the settlement fund.

## III.  DISCUSSION

After taking into consideration the supplemental and corrected filings,[2] Gaylor's counsel requests the following fee award:

| Attorneys   | Hours | Rate   | Total         |
|-------------|-------|--------|---------------|
| Hughes      | 67.55 | $ 375  | $ 25,331.25   |
| Alfreds     | 48.00 | $ 375  | 18,000.00     |
| Wade        | 35.05 | $ 550  | 19,277.50     |
| Calhoun     | 78.40 | $ 550  | 43,120.00     |
| Paralegal   | 11.45 | $ 145  | 1,660.25      |
| Court Costs | N/A   | N/A    | 357.00        |
| TOTAL       |       |        | $ 107,746.00  |

As an initial matter, the court notes that Gaylor's counsel never add up the total amount of requested fees. In light of the inflated hourly rates and alleged redundant counting discussed below, the

---

  2.  Comala moves to strike the supplemental filings as untimely.  Because these filings correct the record and update the fee request for services rendered at the fairness hearing, the court will take Gaylor's supplemental filings into account when calculating the fee award.

court is suspicious that the $ 107,746 figure is purposefully omitted from Gaylor's briefing in an attempt to obscure the total-fee award sought.

A. Reasonable Hourly Rates

"The rate of attorney's fees is that of the place where the case is filed." Cullens v. Georgia Dep't of Transp., 29 F.3d 1489, 1494 (11th Cir. 1994). This case was filed in Montgomery, Alabama, and "the court's determination of attorney's fees must also be guided by the prevailing market rate." Simpleville Music v. Mizell, 511 F. Supp. 2d 1158, 1163 (M.D. Ala. 2007) (Thompson, J.).

Gaylor has submitted a declaration from Pamela B. Slate, a local attorney, stating that she is "familiar with fees charged to clients for non-contingent litigation-related work at rates ranging from $ 350.00 to $ 550.00 per hour for skilled attorneys and $ 85.00 to $ 150.00 for skilled paralegals." Slate

8

Declaration (Doc. No. 42-5) at 3. In light of the attorneys' experience, Slate concludes that an hourly rate of $ 375 is appropriate for Hughes and Alfreds and a $ 550 hourly rate is reasonable for Wade and Calhoun. Both Hughes and Alfreds have practiced law for under seven years. By contrast, Wade and Calhoun have over 20 years of experience.

Comala argues that these rates are unreasonable by the standards of the legal community in Montgomery. Comala points to other attorney's fees cases decided in this district to ascertain a reasonable hourly rate. One example provides: "In this market, the Court has found the range of $ 300.00 to $ 375.00 applicable for attorneys with over 20 years of experience. It also has found the applicable range for attorneys with 10 years of experience at $ 200.00 to $ 250.00, and the applicable range for an attorney one to two years of experience at $ 160.00 to $ 185.00." Alfa Corp. v. Alfa Mortgage, Inc., 560 F. Supp. 2d

9

1166, 1180 (M.D. Ala. 2008) (Watkins, J.).  See also Simpleville Music, 511 F. Supp. 2d at 1163 (using the same fee structure).

The court concludes that Gaylor's fee structure is unreasonable given Montgomery's market rates. Slate's declaration is conclusory and fails to provide different rate structures for newly minted attorneys and seasoned advocates.  Slate's declaration also stands in stark contrast to reasonable rates approved by this court: Hughes's and Alfred's rates fall within the range set by this court for an attorney with over 20 years of experience.  Although opinion testimony can satisfy the plaintiff's burden to prove reasonable hourly rates, "where there is a lack of documentation, a district court may make an independent judgment based on its own experience and knowledge concerning the rates charges by lawyers of similar skill in similar lawsuits in the same market area." Miller v. Kenworth of Dothan, Inc., 117 F. Supp. 2d 1247, 1254

10

(M.D. Ala. 2000) (DeMent, J.).  Thus, the court reduces Hughes's and Alfreds's hourly rates to $ 200 and Wade's and Calhoun's hourly rates to $ 300.  The court also adjusts Gaylor's requested hourly rate for paralegal services to $ 85, the bottom end of the range provided in Slate's declaration.


B.  Reasonable Hours

Comala provides numerous examples of alleged double counting by Gaylor's counsel.  For example, Comala criticizes Calhoun and Hughes for charging 15.3 and 6.0 hours respectively for drafting the class-certification motion and brief, despite the fact that these documents are boilerplate and have been used in prior litigation.  Comala further notes that Gaylor's counsel charge for clerical tasks, such as Hughes's 0.75 hours for filing the complaint.  The court declines to engage in an entry-by-entry revision of Gaylor's counsel's timesheets and speculation as to

11

the amount of time it takes to edit a document. Rather, the court will address the inflated hours and double counting when it considers the Johnson factors.

Nevertheless, the court will reduce Gaylor's counsel's hours for two entries. First, Wade has filed a notice of correction stating that the 17 hours, charged on September 6, 2011, for a pretrial conference was in error because no pretrial conference took place that day. But rather than fully confess error, Wade responds that he did not charge for approximately 12 hours traveling to and attending the fairness hearing on April 4, 2012. Because two local attorneys also attended the fairness hearing and Wade's trip from Memphis was superfluous, the court will deduct 17 hours from Wade's fee request. Moreover, the error undermines the credibility of all the hourly entries.

Second, Calhoun has estimated that it will take 20 hours to administer the settlement fund. Given that

12

there were no objections, opt-outs, or claims (other than Gaylor's), the court finds it incredulous that it will take 20 hours to administer the settlement fund.

C.  The Johnson Factors

After adjusting for local hourly rates and subtracting from Wade's and Calhoun's hours, the lodestar figure is calculated as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Hughes | 67.55 | $ 200 | $ 13,510.00 |
| Alfreds | 48.00 | $ 200 | 9,600.00 |
| Wade | 18.05 | $ 300 | 5,415.00 |
| Calhoun | 58.40 | $ 300 | 17,520.00 |
| Paralegal | 11.45 | $ 85 | 973.25 |
| Court Costs | N/A | N/A | 357.00 |
| Total | | | $ 47,374.25 |

The court, therefore, will use $ 47,374.25 as the benchmark for determining the fee award. The court finds five of the Johnson factors useful in calculating attorneys fees.

13

The first two Johnson factors look to the time and labor required and the novelty and difficulty of the questions involved. The court finds it compelling that Gaylor's counsel have recycled filings used in other litigation. Comala has provided numerous complaints and class-certification briefs that are nearly identical to those filed in this case. This court also notes that Gaylor's counsel have recycled briefs in this district. See, e.g., Complaint, Kirkland v. ServisFirst Bank, No. 2:10cv713 (M.D. Ala. Aug. 20, 2010) (Thompson, J.); Plaintiff's Motion for Attorney's Fees, Hart v. Guardian Credit Union, No. 2:10cv855 (M.D. Ala. Apr. 9, 2012) (Albritton, J.). "An attorney is not entitled to be paid in a case for the work he or another attorney did in some other case." Barnes, 168 F.3d at 430. By continuously charging for factual revisions to boilerplate briefs, Gaylor's counsel are not exercising "billing judgment." This court will therefore take into

14

account that many of Gaylor's counsel's hours are "excessive, redundant, or otherwise unnecessary." Hensley, 461 U.S. at 434.

The third Johnson factor examines the skill needed to perform the legal services provided. The court is well aware that class actions are, by definition, complex. But, while the first draft of a complaint or class-certification motion may be time consuming and complex, the revision of these documents for factual differences does not require the same level of legal experience. Additionally, some of the charged hours are for clerical tasks--such as Hughes's filing of the complaint--that need not be handled personally by an attorney. See Surge v. Massanari, 155 F. Supp. 2d 1301, 1305 (M.D. Ala. 2001) (McPherson, M.J.) (noting "disapprov[al] of the billing at a professional hourly rate for services reasonably performed by support staff, whose salaries are included in the lawyer's

15

office overhead"). Thus, the third Johnson factor militates in favor of a reduction in the fee award.

The eighth Johnson factor evaluates an attorney's performance based on the amount involved and the result obtained. Here, the parties settled the dispute quickly, and Comala did not object to class certification. While the settlement fund is sizeable, the court finds it troubling that no class claimant came forward. Other than the incentive payment to Gaylor, the entire settlement fund will be donated to a local charity. The eighth Johnson factor, therefore, suggests a reduction in attorney's fees.

The final Johnson factor compares a fee award to similar cases to determine its reasonableness. Comala has provided a useful example: in Arthur v. Valwood Park Federal Credit Union, Calhoun and another attorney handled a nearly identical EFTA case. In that case, the defendant agreed to pay $ 20,000 in attorney's fees. To be clear, the court recognizes

16

that this example involves an unopposed fee award in another jurisdiction--the Northern District of Texas. The court, however, notes that <u>Arthur</u> demonstrates that EFTA cases can be litigated successfully by two attorneys, not the duplicitous and redundant efforts marshaled by four lawyers in this case. A comparison to other cases reveals that the $ 47,374.25 lodestar fee is most excessive.

The court finds that the five <u>Johnson</u> factors discussed above favor a reduction in the lodestar fee. The court further concludes that none of the other <u>Johnson</u> factors points toward an enhancement of the fee award. The court, therefore, reduces the $ 47,374.25 lodestar to $ 20,000.

\* \* \*

Accordingly, it is ORDERED that plaintiff Danielle Marie Gaylor's motion for attorney's fees (Doc. No.

17

42) is granted and that plaintiff Gaylor have and recover from defendant Comala Credit Union the sum of $ 20,000 in attorney's fees and costs are awarded.

DONE, this the 1st day of June, 2012.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE