IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
DANIELLE MARIE GAYLOR,       )
individually and on behalf   )
of all others similarly      )
situated,                    )
                             )
     Plaintiff,              )
                             )     CIVIL ACTION NO.
     v.                      )       2:10cv725-MHT
                             )           (WO)
COMALA CREDIT UNION,         )
                             )
     Defendant.              )
```

## OPINION

Plaintiff Danielle Marie Gaylor, on behalf of herself and all others similarly situated, filed this lawsuit against defendant Comala Credit Union asserting violations of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 et seq. The parties settled this case, and this court preliminarily approved the settlement and the proposed class on November 17, 2011. The parties now move for final approval of the class-action settlement. For the reasons that follow, the joint motions will be granted.

The parties have agreed that a plaintiff class, defined as follows, is due to be certified:

> "All consumers who initiated an electronic funds transfer at the Comala ATMs located at 418 Madison Avenue, Montgomery, AL 36104, 105 North Memorial Drive, Prattville, AL 36067, 300 Jensen Road, Prattville, AL 36067, and 3380 Eastdale Circle, Montgomery, AL 36117 and who were assessed a fee for such electronic funds transfer on or after August 26, 2009 (one year prior to the filing of the Complaint) and continuing through September 9, 2010 (the date Comala posted an external fee notice)."

The parties agree that this class of persons satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation required by Federal Rule of Civil Procedure 23(a). There is also no dispute that certification is proper under Rule 23(b)(3), because common issues of law and fact predominate among the proposed class members.

After an independent review, the court approves of the certification of this plaintiff-settlement class. The court finds that plaintiff Gaylor is an adequate

representative of the plaintiff-settlement class and that all requirements of subparts (a) & (b)(3) of Rule 23 are satisfied.  The court expressly finds for purposes of settlement that the class is so numerous that joinder of all members is impracticable; that there are questions of law and fact common to the class; that the claims of the representative plaintiff are typical of the claims of the class; that the representative plaintiff has fairly and adequately protected the interests of the plaintiff-settlement class and will continue to do so; that, on the assumption that the allegations of the complaint are true, the questions of law or fact common to the members of the class predominate over any questions affecting only individual members; and that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The court further finds that maintenance of this action as a class action pursuant to Rule 23(b)(3) is superior to any other means of adjudicating the claims raised.

Pursuant to the settlement agreement, Comala established a settlement fund in the amount of $ 42,869.73. Each class member was eligible to receive a pro-rata distribution from the settlement fund up to $ 100.00, with named plaintiff Gaylor to receive an incentive payment in the amount of $ 2,500.00. Notice was provided to the class by way of the internet, newspaper publication, and postings on Comala's ATMs.

No objections were made to the settlement nor did any class member opt out of the settlement. Additionally, no claims were filed. The settlement agreement provides that any unclaimed funds are to be donated to the Public Safety Insurance Fund. Attorney's fees were awarded, but not from the settlement fund. <u>Gaylor v. Comala Credit Union</u>, 2012 WL 1987183 (M.D. Ala. 2012) (Thompson, J.).

A fairness hearing was held before this court on April 4, 2012, to determine whether this court should approve as fair, adequate, and reasonable a settlement of the claims asserted in this action against Comala, upon

4

the terms and conditions of the settlement agreement preliminarily approved on November 17, 2011. Due notice of the settlement hearing has been given in a manner approved by the court. Additionally, the court has determined that the notice provided to the class was the best practicable notice under the circumstances and fully complies with all requirements of due process and Rule 23. The respective parties have appeared by their attorneys of record and the court has received and considered arguments and evidence in connection with the proposed compromise and settlement of said claims. No objections to the settlement were made at the hearing.

The court has reviewed and considered the proposed settlement agreement and all other matters of record in this action and concludes that the settlement is fair, reasonable, and adequate. There does not appear to be any collusion between the parties or any sacrifice of the plaintiff Gaylor's interests by her counsel for the sake of collecting attorney's fees.

\*\*\*

To be clear: the court was initially troubled that no class member other than the named plaintiff came forward to receive a settlement payment. Of course, this fact raises the specter that this suit was motivated by attorney's fees. The court nonetheless recognizes that Congress has seen fit to award attorney's fees in EFTA litigation to encourage private attorneys general to bring suit. Viewed from this perspective, plaintiffs' attorneys' financial self-interest incentivizes banks to provide proper notice on ATMs. In a passage worthy of Adam Smith, the Supreme Court has endorsed this rationale in the analogous context of contingent-fee arrangements in class actions:

> "The use of the class-action procedure for litigation of individual claims may offer substantial advantages for named plaintiffs; it may motivate them to bring cases that for economic reasons might not be brought otherwise. Plainly there has been a growth of litigation stimulated by contingent-fee agreements and an enlargement of the role this type of fee arrangement has played in

> vindicating the rights of individuals who otherwise might not consider it worth the candle to embark on litigation in which the optimum result might be more than consumed by the cost. The prospect of such fee arrangements offers advantages for litigation by named plaintiffs in class actions as well as for their attorneys. For better or worse, the financial incentive that class actions offer to the legal profession is a natural outgrowth of the increasing reliance on the 'private attorney general' for the vindication of legal rights; obviously this development has been facilitated by Rule 23.
>
> "The aggregation of individual claims in the context of a classwide suit is an evolutionary response to the existence of injuries unremedied by the regulatory action of government. Where it is not economically feasible to obtain relief within the traditional framework of a multiplicity of small individual suits for damages, aggrieved persons may be without any effective redress unless they may employ the class-action device. That there is a potential for misuse of the class action mechanism is obvious. Its benefits to class members are often nominal and symbolic, with persons other than class members becoming the chief beneficiaries. But the remedy for abuses does not lie in denying the relief sought here, but with re-examination of Rule 23 as to untoward consequences."

<u>Deposit Guaranty National Bank v. Roper</u>, 445 U.S. 326, 338-39 (1980) (footnotes omitted).  Keeping in mind Congress's considered Smithian judgment that attorney's fees function as a deterrent to EFTA violations, the court will approve the settlement agreement in full.

An appropriate judgment will be entered.

DONE, this the 6th day of June, 2012.

                                     <u>/s/ Myron H. Thompson</u>
                                 **UNITED STATES DISTRICT JUDGE**