IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| DANIELLE MARIE GAYLOR, )<br>individually and on behalf )<br>of all others similarly )<br>situated, )<br>    )<br>    Plaintiff, )<br>    )<br>    v. )<br>    )<br>COMALA CREDIT UNION, )<br>    )<br>    Defendant. ) | CIVIL ACTION NO.<br>  2:10cv725-MHT<br>       (WO) |

<u>JUDGMENT</u>

In accordance with the memorandum opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

(1) The parties' joint motions for final approval of class settlement (Doc. Nos. 31 & 39) are granted.

(2) This lawsuit shall be maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a) & (b)(3), with a class consisting of the following members: All consumers who initiated an electronic funds transfer at the Comala ATMs located at 418 Madison

Avenue, Montgomery, AL 36104, 105 North Memorial Drive, Prattville, AL 36067, 300 Jensen Road, Prattville, AL 36067, and 3380 Eastdale Circle, Montgomery, AL 36117 and who were assessed a fee for such electronic funds transfer on or after August 26, 2009 (one year prior to the filing of the complaint) and continuing through September 9, 2010 (the date defendant Comala Credit Union posted an external fee notice).

(3) The parties are to perform their respective obligations under the settlement agreement, which is affirmed and approved in its entirety and incorporated in this order by reference.

(4) Subject to this court's retention of jurisdiction to enforce this order and the settlement agreement, all claims asserted in this action, and all claims which have been or could be asserted (by intervention or otherwise) by or on behalf of any member of the plaintiff-settlement class as described in the settlement agreement are dismissed in their entirety on the merits, with

prejudice, and defendant Comala Credit Union is released from all such claims.

(5) Plaintiff Danielle Marie Gaylor and each and all members of the plaintiff-settlement class are permanently enjoined, precluded, and barred from filing, initiating, asserting, maintaining, pursuing, continuing, or participating as a litigant (by intervention or otherwise) any action, whether an individual lawsuit or a class action, in any court, asserting any of the claims dismissed or any of the released claims as defined in the settlement agreement.

(6) The court reserves and maintains continuing jurisdiction over all matters relating to the settlement agreement or the consummation of the settlement agreement; the validity of the settlement agreement; the construction and enforcement of the settlement agreement and any orders entered thereto; any disputes which may arise between plaintiff-settlement class with respect to the persons entitled to receive the proceeds of any

amounts payable to the plaintiff-settlement class under the settlement agreement; the entry and enforcement of this final judgment, including, in the event of reversal, vacation, or modification of this final judgment, jurisdiction to reinstate all claims dismissed or claims, actions, causes of action and liabilities released pursuant to this judgment; and all other matters pertaining to the settlement agreement or its implementation and enforcement.

The clerk of the court is DIRECTED to file this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

This case is closed.

DONE, this the 6th day of June, 2012.

                              /s/ Myron H. Thompson
                         UNITED STATES DISTRICT JUDGE